IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DALE McDOWELL,                          )
                                        )
                  Plaintiff,            )
                                        )
v.                                      )   Civ. Act. No.: 3:20CV839-ECM
                                        )              (wo)
BERNARD SHEPPARD, *et al.*,             )
                                        )
                  Defendants.           )

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the Court on motions to dismiss filed by Randy Moore (doc. 50), Aris Murphy (doc. 52), Joyce Adams and Lisa Burdette (doc. 54), Bernard Sheppard (doc. 56), an alternative motion for more definite statement filed by Bernard Sheppard (doc. 57), and motions for leave to amend the complaint filed by Dale McDowell (docs. 59, 60, 61 & 62).

The Plaintiff, Dale McDowell ("McDowell"), has filed a complaint and an amended complaint in this case. (Docs. 1 & 48).  The amended complaint asserts claims for injunctive relief (count one), violation of the Fifth and Fourteenth Amendments (count two), violation of the Eighth Amendment excessive fines clause (count three), violation of the Fourth Amendment (count four), trespass (count five), conversion (count six), and a declaratory judgment (count seven).  These claims are asserted against Defendants Bernard Sheppard ("Sheppard"), Randy Moore ("Moore"), and Aris Murphy ("Murphy") in their

individual and official capacities, and against Angela Price, James Michael Price, and James Earl Price.  McDowell brings only federal claims, specifically counts one, two, and three, against Lisa Burdette ("Burdette"), the Chambers County Circuit Clerk, and her agent, Joyce Adams ("Adams"), a Court Specialist, (collectively "the Clerks"). (Doc. 48).

Sheppard, Moore, and Murphy are all law enforcement officials (collectively "the Officers").[1]  The Clerks and the Officers have moved for dismissal of the amended complaint.  Defendants Angela Price, James Michael Price, and James Earl Price answered the original complaint, but the record does not include a response to the amended complaint.

Within his separate responses to the motions to dismiss, McDowell has sought leave to file a second amended complaint.

For reasons to be discussed, the motions to dismiss are due to be GRANTED, but one of McDowell's motion to file a second amended complaint is due to be GRANTED to the extent that McDowell will be given an opportunity to replead his claims against Moore in his official capacity.

## II. STANDARDS OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8:  "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss,

---

[1] The amended complaint brings claims against Sheppard, Moore, and Murphy in their capacities as deputies of the Randolph County Sheriff's Department. As will be discussed below, Moore and Murphy are not sheriff deputies.  The Court will consider facts of their employment outside of the amended complaint where relevant to jurisdictional issues.

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)).

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, may be a factual or facial attack on subject matter jurisdiction. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238 (11th Cir. 2002). A factual attack permits the district court to weigh evidence outside the pleadings to satisfy itself of the existence of subject matter jurisdiction in fact. *Id.* at 1237. However, a facial attack merely questions the sufficiency of the pleading. *Id.* Under a facial attack, the district court accepts the plaintiff's allegations as true and need not look beyond the face of the complaint to determine whether the court has subject matter jurisdiction. *Id.*

Pursuant to Fed. R. Civ. P. 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed, but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Generally, leave to amend should be "freely given when justice so requires." FED. R. CIV. P. 15(a). Rule 15(a) does not require an amendment where "there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties," or where the amendment would be futile. *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982).

### III.   FACTS

The facts as alleged in the amended complaint are as follows:

In October of 2008, Angela Price file a claim in the small claims court of Chambers County, Alabama, against her sister Joyce Sprouse, for which she obtained a judgment in the amount of $507.00.

Ten years later, on October 9, 2018, Angela Price filed a request in Chambers County to revive the judgment, and the Chambers County district court entered an order reviving the judgment against Joyce Sprouse. (Doc. 48 at 4). The complaint acknowledges that pursuant to state law, writs of execution may be issued by a party in whose favor a judgment is entered, and that the Clerk of the Court is to issue a writ of execution upon application of a judgment creditor. (*Id.*). On October 9, 2018, a writ of execution was issued in the Circuit Court of Chambers County, which directed that certain property be seized and "'restored' to Angela Price," (*id.*), including a miniature donkey, goats, and a large white dog. The writ of execution was prepared by Adams, a Court Specialist employed by the Circuit Clerk, acting as an agent for the Circuit Clerk, Burdette.

In October of 2018, Joyce Sprouse, the judgment debtor, resided with McDowell. The animals identified in the writ of execution were the property of McDowell. (*Id.* at 5). They were his pets and had never belonged to Angela Price, the judgment creditor. (*Id.*).

On October 19, 2018, the Officers arrived at McDowell's residence and instructed him to let them take the animals identified in the writ of execution. (*Id.*). The deputies contacted Angela Price and advised her that she could come to McDowell's property and take the animals. (*Id.*).

Angela Price and her husband, James Earl Price, and son, James Michael Price, brought a trailer to the property, loaded the animals, and took them. (*Id.* at 6). On October

20, 2018, McDowell went to the Circuit Clerk of Chambers County and paid the judgment that Angela Price had obtained against Joyce Sprouse. He hired an individual to retrieve his pets. Two small baby goats had been removed from their mother, fell ill, and died when taken by Angela Price.  The miniature donkey is alleged to have banged its head in struggling not to go inside the transport trailer and the dog was clearly distressed when he was brought home. (*Id.* at 7).

In addition to these facts as alleged, Burdette and Adams have provided the Court with a copy of the writ of execution. (Doc. 54-2).[2]  The Writ of Execution directs that any lawful officer of the State of Alabama is to "[s]eize the property described below which is in the possession of Joyce Sprouse and restore to Angela Price."  (*Id.*).  It lists 1 miniature donkey, 2 goats, and 1 "large white dog (Great Pyrenees)." (*Id.*).

## IV.   DISCUSSION

The Court turns first to the grounds for dismissal of McDowell's federal claims, and then will turn to the state-law claims.

### A.  Federal Claims

Because the Defendants have relied upon substantially the same grounds for dismissal—lack of standing, sovereign immunity, quasi-judicial immunity, and qualified

---

[2] McDowell refers to the Writ of Execution within the complaint. (Doc. 48). Accordingly, the Court has considered this document in ruling on the motion to dismiss.  *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007)(stating that because the document was attached to the motion to dismiss, there was notice that the district court might consider the document and because it is referred to in the complaint, it is central to claim, its consideration comports with the requirements of notice pleading, and neither party challenges its authenticity).

immunity—albeit in separately filed motions, the Court will address together their arguments.

 *1. Standing*

 McDowell seeks prospective injunctive and declaratory relief.  When injunctive relief is sought, the "injury-in-fact" demanded by Article III of the Constitution requires a plaintiff to show "a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)(citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  The Declaratory Judgment Act is said to echo the "case or controversy" requirement of Article III when it "provides that a declaratory judgment may only be issued in the case of an actual controversy." *See Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985)(citing 28 U.S.C. § 2201).  "That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Id.* at 1552. The controversy between the parties cannot be "conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.*  In order to demonstrate that there is a case or controversy that satisfies Article III's standing requirement, the plaintiff must allege facts from which it appears that there is a "substantial likelihood that he will suffer injury in the future." *Malowney v. Federal Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999).  There must be a "reasonable expectation that the injury [the plaintiff has] suffered will continue or will be repeated in the future." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210–11 (11th Cir.

2019).  Therefore, for this Court to have jurisdiction, there must be a substantial likelihood of seizure of McDowell's animals in the future.

McDowell argues that *Lyons* was wrongly decided and that this Court should not follow it, but should instead follow a decision of a United States District Court which he contends supports a finding of standing in this case.  This the Court may not do. *Motorcity of Jacksonville, Ltd. v. Se. Bank N.A.*, 120 F.3d 1140, 1143 (11th Cir. 1997)("Only the Supreme Court has 'the prerogative of overruling its own decisions.'")(citation omitted).  McDowell has failed to allege facts beyond a past injury which establish a substantial likelihood that he will suffer injury in the future.  Therefore, the claims for prospective injunctive and declaratory relief are due to be dismissed for lack of standing.

### 2. *Eleventh Amendment Immunity*

McDowell also seeks monetary damages.  The Eleventh Amendment to the United States Constitution bars suits for money damages against a state unless the state waives its Eleventh Amendment immunity or Congress abrogates the immunity. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir.1990).  Eleventh Amendment immunity also extends to state officials sued in their official capacities when, for all practical purposes, "'the state is the real, substantial party in interest.'" *Id.*  Congress has not abrogated Eleventh Amendment immunity in §1983 cases and the State of Alabama has not consented to suit. *See id.* at 1525.

The issue here, therefore, is whether the Clerks and the Officers are state officials.  It is clear under Alabama law that Circuit Clerks and their employees carrying out official functions are state officials. *Meadows v. Shaver*, 2020 WL 6815066, at \*2 (Ala. 2020).

McDowell does not respond to, and therefore apparently concedes the Clerks' argument to that effect. *See Callwood v. Phenix City, Ala*., 2015 WL 5234829, at *3 (M.D. Ala. 2015)(dismissing official capacity claims where plaintiff did not respond to Eleventh Amendment immunity arguments); *see also Gailes v. Marengo Cty. Sheriff's Dep't*, 916 F. Supp. 2d 1238, 1244 (S.D. Ala. 2013)(finding that the defendants' challenge to the plaintiff's claim "has facial merit, and the Court will not on behalf of the plaintiff seek ways to deny their motion."). The claims against the Clerks in their official capacity, therefore, are barred by the Eleventh Amendment.

One of the Officers, Sheppard, who is a deputy sheriff, also is clearly a state official entitled to immunity. Sheriffs, as constitutional officers of the State of Alabama, have sovereign immunity under Alabama law because actions against them are viewed as actions against the State. *LeFrere v. Quezada*, 582 F.3d 1260, 1265–66 (11th Cir. 2009). "Deputies also have sovereign immunity because they carry out their sheriff's duties and thus are treated as constitutional officers." *Id.* Therefore, the official capacity claims for damages are due to be dismissed as against Sheppard.

Claims against the remaining two officers require additional analysis because, while they are alleged to be sheriff deputies in the amended complaint, they are not. Murphy submits a sworn declaration that he is an investigator for a district attorney. (Doc. 52-1). Moore represents in his brief (doc. 50-1), and McDowell concedes (doc. 59 at 1, n.1), that he is a police officer with the City of Roanoke. Because Eleventh Amendment immunity is jurisdictional, the Court has considered the facts of Murphy and Moore's employment,

even though they contradict the amended complaint. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984).

Under Alabama law, an investigator for a district attorney's office is a state employee. *Hooks v. Hitt*, 539 So. 2d 157, 159 (Ala. 1988). Therefore, the claims for money damages against Murphy in his official capacity are barred by the Eleventh Amendment to the United States Constitution. *See Garrett v. Talladega Cty. Drug & Violent Crime Task Force*, 983 F. Supp. 2d 1369, 1376 (N.D. Ala. 2013)(Eleventh Amendment immunity applied to a task force controlled by the district attorney which included employees of the district attorney's office).

Because Moore is a police officer with the City of Roanoke, Alabama, a claim against Moore in his official capacity is a claim against the City of Roanoke, not the state. *See Gray v. City of Eufaula*, 31 F. Supp. 2d 957, 965 (M.D. Ala. 1998)("When an officer is sued under Section 1983 in his official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent.")(quotation and citation omitted). Eleventh Amendment immunity does not apply to that claim.

Moore has not asserted a ground specifically seeking dismissal of claims against him in his official capacity. He has, however, moved for dismissal on the basis of a more general ground that applies to those claims; namely, that the amended complaint is a "shotgun pleading."

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The allegations should be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

Rule 10 requires that each claim be stated in separate, numbered paragraphs, "limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).   Shotgun pleadings fail to comply with these rules and generally do at least one of the following: contain multiple counts where each count adopts the allegations of all preceding counts, contain facts not obviously connected to any particular cause of action, fail to separate into a different count each cause of action or claim for relief, and assert multiple claims against multiple defendants without specifying which of the defendants the claim is brought against. *See McCall v. Bank of America, N.A.*, 2016 WL 5402748, at *1 (M.D. Ala. 2016).

In this case, each count of the amended complaint adopts the allegations of the preceding counts, which are in turn brought against multiple Defendants without differentiating among them. (Doc. 48).   Therefore, the amended complaint is due to be dismissed as a shotgun pleading.   Considering McDowell's request to file an amended complaint, the Court finds an amendment to replead claims against Moore in his official capacity to be consistent with Rule 15. *See* FED. R. CIV. P. 15(a).   If McDowell does seek to file an amended complaint, he is cautioned that a claim against a municipality requires a showing of a policy or custom. *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 691 (1978).

### 3. *Judicial or Quasi-judicial immunity*

The Officers and Clerks each invoke quasi-judicial immunity as to the claims against them in their individual capacities, and the Clerks additionally invoke judicial immunity. *See Ray v. Jud. Correction Servs., Inc.*, 270 F. Supp. 3d 1262, 1289 (N.D. Ala.

2017)("As several courts have explained, quasi-judicial immunity is a defense to individual capacity §1983 suits, but not official capacity suits.").

> a.  Claims Against the Clerks

The Clerks contend because their actions in issuing a writ of execution were judicial actions, they are entitled to judicial immunity.  Nonjudicial officials are included within a judge's absolute immunity when their official duties "have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)(citation omitted).

Absolute quasi-judicial immunity derives from absolute judicial immunity. *Id.* at 555. "[J]udicial personnel such as law clerks, clerks of court, and secretaries are entitled to quasi-judicial immunity." *Echols v. Hurst*, 2016 WL 6782777, at *3 (M.D. Ala. Oct. 6, 2016) (quotation omitted), *report and recommendation adopted*, 2016 WL 6783179 (M.D. Ala. 2016).

The Clerks point this Court to Rule 69(b) of the Alabama Rules of Civil Procedure provides as follows:

> Upon application for a writ of execution the judgment creditor shall provide the clerk with a description of the property to be executed upon, if known, and the last known address of the judgment debtor against whom execution is sought. The clerk shall prepare and issue a writ of execution in accordance with the information supplied by the judgment creditor. The clerk shall also issue a notice of the right to claim certain property as exempt from execution, using Form 92 in the Appendix of Forms to these rules. A copy of the writ of execution and notice of exemption rights shall be delivered by the clerk to the sheriff, for service upon the judgment debtor.

The Clerks argue that because the writ of execution was an action they were required to do at a judge's direction, they alternatively have quasi-judicial immunity.

McDowell has not responded to these arguments.

Under the facts as alleged, the Chambers County district court entered an order reviving the judgment against Joyce Sprouse. (Doc. 48 at 4).  The complaint acknowledges that pursuant to state law, writs of execution may be issued by a party in whose favor a judgment is entered, and that the Clerk of the Court is to issue a writ of execution upon application of a judgment creditor. *Id.*  Under the plain language of the rule, the Circuit Clerk must rely on the judgment creditor to provide a description of the property upon which to execute.  This Court finds that the facts alleged are judicial actions or actions specifically required by a judge's direction, and that judicial or quasi-judicial immunity applies to the claims against the Clerks. *See Scott v. Dixon,* 720 F.2d 1542, 1547 (11th Cir. 1983)(Georgia state court clerks entitled to immunity for issuance of a warrant). Accordingly, the Court concludes that the claims against the Clerks are barred, and their motion to dismiss is due to be GRANTED.

      b.  Claims Against the Officers

The Eleventh Circuit has held that "law enforcement personnel, acting in furtherance of their official duties and relying on a facially valid court order, are entitled to absolute quasi-judicial immunity from suit in a section 1983 action." *Roland*, 19 F.3d at 555–56.  In *Roland*, the Eleventh Circuit concluded that law enforcement officials executing a judicial restraining order were entitled to immunity. *Id.* at 556 & n. 4 ("When an official acts pursuant to a direct judicial order, absolute quasi-judicial immunity is obvious.").  Applying *Roland*, the Eleventh Circuit concluded in an unpublished opinion

that quasi-judicial immunity applied to a deputy sheriff who carried out a writ of execution on a plaintiff's property. *Shuler v. Swatek*, 465 F. App'x 900, 903 (11th Cir. 2012).

McDowell has not responded to the Officers' quasi-judicial immunity argument. The claims against the Officers in their individual capacities are alleged to have been taken in carrying out a writ of execution and are, therefore, barred by quasi-judicial immunity. *Roland,* 19 F.3d at 556.   The motions to dismiss are due to be GRANTED as to those claims.

### 4. *Qualified Immunity*

Although quasi-judicial immunity bars the claims against them in their individual capacities, the Court alternatively considers the Clerks and Officers' invocation of qualified immunity. *See, e.g., Nicholson v. Moates*, 159 F. Supp. 2d 1336, 1348 (M.D. Ala. 2001)(considering qualified immunity in the alternative after finding quasi-judicial immunity for execution of a writ).

Governmental actors are "shielded from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)(quotation omitted). "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." Pearson v. Callahan, 555 U.S. 223, 244 (2009).

With respect to the Clerks, McDowell fails to show that they are not entitled to qualified immunity.  His brief in opposition to their motion discusses Murphy, not the Clerks. (Doc. 61 at 9).  Furthermore, the argument he makes concerns the facts of the

Officers' presence on his property (*id.*), but the Clerks are not alleged to have been on the property. The Clerks' motion to dismiss is, therefore, due to be GRANTED on the alternative ground of qualified immunity.

With respect to the Officers, McDowell argues that discovery is needed to determine the information that that they had at the time of the seizure when they entered his property. The law is clear, however, that unless a complaint states a claim for violation of clearly established law, defendants are entitled to qualified immunity without discovery. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

McDowell also argues that the Officers are not entitled to qualified immunity because the amended complaint alleges that the Officers were told that the pets did not belong to the judgment debtor, but they took the animals anyway and turned them over to the judgment creditor. McDowell further contends that the statute required them to hold the animals for thirty days before selling them, not turn them over to Angela Price.

It is the Officers' position that they are not allowed to examine a writ and determine the status of the property identified within it, but must instead execute the writ as written. They also argue that the writ which identified the animals expressly stated that the animals were to be "restored to Angela Price." They cite to other cases where officers' conduct was constitutional when property was seized pursuant to a facially valid writ. *See, e.g., Nicholson*, 159 F. Supp. 2d at 1353 (finding that defendants were entitled to qualified immunity "although the County Defendants assisted in the private seizure by accompanying Ronnie Nicholson and by ensuring that Ronnie Nicholson was able to obtain

the listed items, they were acting pursuant to a court order."); *see also Roland*, 19 F.3d at 556 ("'Facially valid' does not mean 'lawful.' An erroneous order can be valid.").

Even if the Court assumes that the Clerks' and Officers' actions violated a constitutional right, under the facts as alleged—that the Clerks issued a writ of execution based on the judgment creditor's description, the writ stated that specific animals were to be returned to Angela Price, and this writ was executed by the Officers—this Court cannot conclude that any violation of law was clearly established. *See, e.g., Fullman v. Graddick*, 739 F.2d 553, 561 (11th Cir. 1984)(dismissing a claim on the basis of a immunity where the officer acted on search and arrest warrants which were facially valid). The motion to dismiss is, therefore, due to be GRANTED on the basis of qualified immunity, to the extent that quasi-judicial immunity does not apply.

### B. State-law Claims

State-law claims are brought against the Officers, who in turn raise the same immunity defenses.

#### 1. *Sovereign Immunity*

"Sovereign immunity is a jurisdictional bar that deprives a court of subject-matter jurisdiction." *Ex parte Ala. Dep't of Mental Health & Mental Retardation*, 937 So. 2d 1018, 1022 (Ala. 2006). As noted above, Sheppard, a sheriff deputy, and Murphy, an agent of the district attorney, are state officials; therefore, they are entitled to sovereign immunity on the claims against them in their official capacities. *See LeFrere*, 582 F.3d at 1265; *Hooks*, 539 So. 2d 159.

McDowell disputes that Officers are entitled to sovereign immunity, contending that they were not acting within their authority because they are not the sheriff himself.  He points to Rule 69 of the *Alabama Rules of Civil Procedure* and contends that it gives exclusive authority to sheriffs to execute writs of execution.

While Rule 69 only refers to the sheriff,[3] a plain reading of Alabama statutory law reveals that a sheriff does not have exclusive authority to execute writs. *See* ALA. CODE §6-9-80, "[t]he sheriff **or other officer** receiving an execution must execute . . . ." (emphasis added).  This reading is consistent with cases applying sovereign immunity to claims arising from writs executed by deputy sheriffs. *See Williams v. Goldsmith*, 4 F. Supp. 1112, 1127 (M.D. Ala. 1998); *see also Ex parte Burnell*, 90 So. 3d 708, 711 (Ala. 2012)(recognizing that "deputy sheriffs act on behalf of sheriffs as alter egos . . . .") quotation omitted).  It is also consistent with the facts as alleged, in that the writ of execution in this case was directed to "any lawful officer of the State of Alabama." (Doc.

---

[3] The Rule provides as follows:

> Service of writ and notice. The sheriff shall serve the judgment debtor with a copy of both the writ of execution and the notice of exemption rights at the time of levy upon the judgment debtor's real property or seizure of the judgment debtor's personal property pursuant to the writ of execution. Service shall be effected by personal delivery to the judgment debtor, if the judgment debtor is present either at the time notice of the levy is delivered or at the time of seizure of the judgment debtor's personal property; otherwise service shall be effected by first class mail sent to the judgment debtor's last known address shown on the writ of execution or by posting on the door of the debtor's last known residence address.

ALA. R. CIV. P. 69(c).

54-2 at 8).  The Court concludes, therefore, that Murphy and Sheppard are state agents entitled to sovereign immunity.

Because Moore is a police officer with the City of Roanoke, the sovereign immunity defense does not apply to claims against him in his official capacity.  No basis for dismissal has been raised by Moore in his official capacity that is specific to any state-law claims against the municipality.  However, Moore does argue, and the Court has previously found, that the amended complaint is a shotgun pleading.  For reasons discussed above, the Court will dismiss the state-law claims against Moore without prejudice and will allow McDowell to re-plead claims against Moore in his official capacity.

2. *Quasi-judicial Immunity*

Alabama law also recognizes quasi-judicial immunity from common law torts. *See Mooneyham v. State Bd. Of Chiropractic Exam'rs*, 802 So. 2d 200, 205 (Ala. 2001).  The immunity is absolute.  *Id.* at 206 (citing *Ex parte Colagross*, 674 So. 2d 1315, 1316 (Ala. 1996) for the proposition that an "absolute immunity totally protects an individual from liability regardless of his state of mind, while a qualified immunity only protects a public official from liability for acts or omissions undertaken in good faith).

For the reasons discussed above in connection with quasi-judicial immunity from the federal claims, the Court concludes that the Officers are entitled to quasi-judicial immunity from the state-law claims. *Id.* (applying federal precedent in holding that defendants were entitled to quasi-judicial immunity for their actions).

3.  *State-agent Immunity*

The Officers invoke "discretionary-function immunity that is afforded to police officers by § 6–5–338 and on State-agent immunity pursuant to *Ex parte Cranman*, 792 So.2d 392 (Ala. 2000)."  *Ex parte Selma*, 249 So. 3d 494, 498-9 (Ala. 2017).  Under Alabama statutory law, peace officers have immunity from tort liability for conduct in performance of discretionary functions in the line and scope of their enforcement duties. ALA. CODE §6-5-338.  In *Ex parte Selma*, the Alabama Supreme Court explained that when "peace officers" under §6–5–338(a), are performing a discretionary law-enforcement function, they are entitled to State-agent immunity, and the burden then shifts to the plaintiff "to establish that 'one of the two categories of exceptions to State-agent immunity recognized in *Cranman* is applicable.'" *Id.* (citations omitted).

McDowell does not respond to these defenses. The allegations of the amended complaint are that the Officers were carrying out a writ of execution issued by the Clerk as part of their law enforcement duties. McDowell has not argued that any exception to State-agent immunity applies.  Therefore, to the extent that they are not entitled to quasi-judicial immunity, the Officers are entitled to State-agent immunity. *See id.* (granting summary judgment on the basis of immunity where officers showed they were entitled to immunity when they were keeping the peace during a repossession of property and plaintiff failed to offer any argument in response).  The motions to dismiss are due to be GRANTED on this alternative ground.

## IV.  CONCLUSION

For the reasons discussed, it is ORDERED as follows:

1. The motion to dismiss (doc. 50) filed by Randy Moore is due to be GRANTED as follows:

   a. The claims for injunctive and declaratory relief are dismissed for lack of standing, the federal and state law claims against Moore in his individual capacity are dismissed based on quasi-judicial immunity, or alternatively qualified or state-agent immunity, respectively, as discussed above.

   b.  The federal and state law claims against Moore in his official capacity are dismissed without prejudice to being re-pleaded.

2.  The motion to dismiss filed by Aris Murphy (doc. 52) is GRANTED and the claims for injunctive and declaratory relief are dismissed for lack of standing, the federal and state law claims against Murphy in his individual and official capacities are dismissed as barred by quasi-judicial and sovereign immunity, respectively, or alternatively, the individual capacity claims are dismissed on the basis of qualified and state-agent immunity, as discussed above.

3. The motion to dismiss filed by Joyce Adams and Lisa Burdette (doc. 54) is GRANTED and the claims for injunctive and declaratory relief are dismissed for lack of standing, the federal claims against them in their official capacities are dismissed as barred by the Eleventh Amendment, and the claims against them in their individual capacities are dismissed on the basis of quasi-judicial or judicial immunity or, alternatively, qualified immunity.

4.  The motion to dismiss filed by Bernard Sheppard (doc. 56), is GRANTED and the claims for injunctive and declaratory relief are dismissed for lack of standing,

the federal and state law claims against Sheppard in his individual and official capacities are dismissed as barred by quasi-judicial and sovereign immunity, respectively, or alternatively, the individual capacity claims are dismissed on the basis of qualified and state-agent immunity, as discussed above.

5. The alternative motion for more definite statement filed by Bernard Sheppard (doc. 57), is DENED as moot.

6. The motions for leave to amend the complaint, filed by Dale McDowell (doc. 60, 61, 62) are DENIED.

7. The motion for leave to amend the complaint (doc. 59) is GRANTED to the extent that McDowell is given until **October 8, 2021** to file a new, amended complaint which is complete unto itself and which pleads claims against Randy Moore in his official capacity, including a basis for holding the municipality liable for any violations of federal law, which are stated in separate counts and which separate his alleged conduct from that from other Defendants, as discussed above.

DONE this 23rd day of September, 2021.


_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE