IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DALE MCDOWELL, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:20-CV-839-ECM-KFP |
| ANGELA PRICE, et al., | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendants' Motion to Dismiss. Doc. 90. Upon consideration of the motion and for good cause shown, it is the recommendation of the Magistrate Judge that the motion be GRANTED and this matter be dismissed.

This action was filed on October 15, 2020. Doc. 1. On September 23, 2023, the Court granted in part and denied in part a motion to dismiss filed by Randy Moore; dismissed official capacity claims against Randy Moore without prejudice; and gave the Plaintiff, Dale McDowell, time in which to file an amended complaint pleading claims against Defendant Randy Moore in his official capacity. Plaintiff did not file an amended complaint as ordered. As a consequence, the case proceeded only on claims against Angela Price, James Earl Price, and James Michael Price. Docs. 71, 86.

On January 13, 2023, Plaintiff's counsel was permitted to withdraw, and Plaintiff was given until February 3, 2023, to retain new counsel. Doc. 85. No attorney appeared on behalf of Plaintiff. Doc. 86.

The Court ordered Plaintiff to show cause on or before March 6, 2023, why this cause ought not be dismissed for want of prosecution. Doc. 86. Plaintiff failed to comply with the order and, to date, has filed nothing in response to the Order.

Because of Plaintiff's failure to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, the Magistrate Judge RECOMMENDS that the Defendants' Motion to Dismiss be GRANTED and this case be DISMISSED without prejudice as to all remaining Defendants.

Further, it is ORDERED that by **April 11, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or

general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

DONE this 28th day of March, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE